UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JOSE L. ERAZO,
              Plaintiff,

v.                                     **ORDER**

CITY OF YONKERS; P.O. PHILIP         18 CV 10834 (VB)
WANDERMAN; P.O. JOHN OJEDA; P.O.
JAMES PELLEGRINO; AND P.O. ANTHONY
SCARAMUZZO,

              Defendants.
---------------------------------------------------------------x

Briccetti, J.:

Plaintiff, who is proceeding pro se and in forma pauperis, commenced this action by filing a complaint dated November 13, 2018. (Doc. #2). At that time, plaintiff was incarcerated at Westchester County Jail.

Plaintiff made a request for leave to proceed without prepayment of fees. (Doc. #1). On December 7, 2018, the Court granted plaintiff's request. (Doc. #4). In its Order, the Court reminded plaintiff that he is required to promptly update the Court in writing if his address changes. (Id.).

The parties appeared—plaintiff by telephone and defendants' counsel in person—for an initial pretrial conference on April 26, 2019. At the conference, plaintiff told the Court he was scheduled to be moved to a new facility on April 29, 2019, and that he would update his address shortly. In the Order issued at the conference, plaintiff was reminded of his obligation to update the Court promptly if his address changes. (Doc. #15).

After not receiving an updated address, on May 20, 2019, the Court ordered plaintiff to update the Court in writing by June 17, 2019, as to his current address. (Doc. #16). The Court warned plaintiff in bold and underlined font that if plaintiff failed to update his address, the Court

1

might dismiss the case for failure to prosecute or comply with Court orders. Thereafter, plaintiff submitted two letters to the Court in May 2019 providing his updated address. (Docs. ##17, 18).

On October 28, 2019, defendants requested an extension of the discovery deadline, which the Court granted in an Order adjourning the conference scheduled for November 6, 2019, to December 11, 2019, at 10:00 a.m. (Doc. #20). The Clerk mailed the Order to plaintiff at the address he provided.

On December 6, 2019, defendants' counsel notified the Court that after attempting to schedule a video deposition for plaintiff the Court had ordered for December 3, 2019, defendants learned plaintiff was released from Bare Hill Correctional Facility on November 4, 2019. (Doc. #24). According to the DOCCS inmate look-up website, plaintiff was released to parole on that date. The Court memo endorsed defendants' letter instructing the parties the case management conference scheduled for December 11, 2019, would proceed as scheduled. (Doc. #25).

The Court also issued an Order on December 6, 2019, requiring plaintiff to update his address by January 6, 2020. (Doc. #26). The Court once again warned plaintiff in bold and underlined font that if plaintiff failed to update his address, the Court might dismiss the case for failure to prosecute or comply with Court orders.

On December 11, 2019, plaintiff failed to appear at the status conference, without excuse or explanation. Following the conference, the Court issued an Order adjourning the conference to January 22, 2020, at 10:00 a.m., and warning plaintiff that if he failed to appear at the January 22 conference, the Court would dismiss the case for failure to prosecute and to comply with Court orders. (Doc. #27).

Today, the Court held an on-the-record status conference at which defendants' counsel appeared in person. Plaintiff again failed to appear, without excuse or explanation. Further, to date, plaintiff has failed to update his address or seek an extension of time in which to do so.

2

At the conference, defendants' counsel moved to dismiss the case for failure to prosecute and to comply with Court orders, pursuant to Fed. R. Civ. P. 41(b).

Defendants' application is GRANTED. The Court concludes plaintiff has abandoned this case. Accordingly, having considered all of the factors set forth in Lucas v. Miles, 84 F.3d 532 (2d Cir. 1996), the Court dismisses this case with prejudice for failure to prosecute and failure to comply with Court orders. Fed. R. Civ. P. 41(b).

The Clerk is instructed to (i) close this case and (ii) mail a copy of this Order to plaintiff at the address on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: January 22, 2020
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge